**SO ORDERED.**

**SIGNED this 04 day of November, 2009.**



_____
  ROBERT E. NUGENT
  UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES JOEL ATKINSON, and | ) | Case No. 09-10935 |
| HOPE TRUMBULL ATKINSON, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| LINDA S. PARKS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 09-5119 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO DISMISS**

1

## AND GRANTING LEAVE TO AMEND COMPLAINT

Defendant Bank of America N.A. ("Bank") filed a motion to dismiss the Trustee's complaint to avoid its lien and security interest in real estate commonly known as 908 West 2nd, Coffeyville, Kansas 67337 (the "Property") pursuant to 11 U.S.C. §§ 544, 547(b) and 551.[1] Bank claims that the Trustee has failed to state a claim upon which relief may be granted because the transfer which gave rise to its security interest in the Property took place outside the ninety day look-back period.

In her complaint, the Trustee alleged that prior to the debtors' bankruptcy filing, the Property was owned by James Atkinson's parents.[2] She further alleged that "[a]t the time the Property was owned by Debtor's mother and father, the Debtors and the Debtor's mother granted Bank a mortgage on the Property. At the time of this granting, Debtors did not have an interest in the Property. [Then, during the 90-day look back period], Debtor's mother and father transferred the Property to Debtor."[3] The Trustee claimed that the transfer of the Property gave Bank a security interest in violation of § 547(b). The Trustee's complaint did not identify any specific dates regarding the mortgage or the transfer.

In lieu of filing an answer, Bank filed a motion to dismiss. Attached to Bank's motion to dismiss are (1) a note and mortgage dated July 10, 2006 and July 19, 2006, respectively (the "Mortgage") (2) a quitclaim deed dated June 15, 2006, and (3) a quitclaim deed dated February 2,

---

[1] Dkt. 6. All future references to "Section"" or "§" refer to the Bankruptcy Code, Title 11 U.S.C. unless otherwise noted.

[2] Complaint, ¶ 6, Dkt. 1. All references to the debtor in the singular or "Debtor" are to James Joel Atkinson. All references to mother, father, or parents are to James Joel Atkinson's.

[3] *Id.*, ¶¶ 7 and 8.

2

2009.[4] Bank claims its security interest was created in 2006, almost three years before the debtors filed bankruptcy on April 6, 2009.

On June 15, 2006, Debtor's parents, Jimmie and Mary Atkinson, quitclaimed the subject property to themselves and Debtor James Atkinson as joint tenants with the right of survivorship. On July 10, 2006, Jimmie and Mary mortgaged the property (without James' signature) to the Bank. Thereafter on February 9, 2009, within 90 days of the date of the petition, Jimmie and Mary quitclaimed their interest in the property to James.

In response to Bank's motion to dismiss, the Trustee admitted that the allegations in the Complaint are not accurate, claiming an understandable confusion about the state of title. She now claims that the estate owns a 2/3 undivided interest in the property. First, the June 15, 2006 deed conferred a presumptive 1/3 interest in the Property on the Debtor. Second, the Trustee asserts that Debtor's father's signature on the July 10, 2006 mortgage was forged, thereby voiding the mortgage as to him and rendering the father's presumptive undivided 1/3 unencumbered. She argues that as a result of the February 9, 2009 deed, James received that interest free and clear. Apparently recognizing that these facts do not necessarily state a preference claim under § 547(b), the Trustee suggests that the Motion to Dismiss be denied or, in the alternative, she be given leave to amend the Complaint to affirmatively assert these theories.[5]

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim that is plausible on its face."[6] Applying the plausibility standard to the Complaint as

---

[4] Dkt. 6, Exhibits A, B, and C respectively.

[5] Trustee's Response to Bank's Motion to Dismiss at 2.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

3

filed, the Court concludes that the Trustee has failed to allege the necessary facts sufficient to state a claim of a preferential transfer under § 547(b).  While the complaint relied upon the debtor having taken title to all of the property on February 9, 2009, some of which was burdened by the Bank's lien, the Trustee's response clarifies that she challenges the legal validity of the mortgage itself and seeks this Court's determination of the parties' respective interest in the property.  Therefore, rather than dismiss the action, it is more appropriate to grant the Trustee leave to file an Amended Complaint that states claims more consistent with the version of facts she now believes to have occurred.

Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15 applicable in adversary proceedings.[7]  Rule 15(a) provides, in part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Supreme Court has held that where the underlying facts and circumstances relied on by plaintiff may be a proper subject for relief, the plaintiff should be afforded the opportunity to test its theory on the merits absent an apparent or declared reason such as bad faith, undue delay, undue prejudice, or futility.[8]  The Bank's Motion to Dismiss clearly demonstrates that it was aware of what transactions were involved in this action.  The June 15, 2006 Quitclaim Deed and the allegedly forged Mortgage appear to support a quiet title action to determine whether and to what extent the Property is "property of the estate."  Under these circumstances, the Court finds that

---

[7] All future references to "Rule" refer to the Federal Rules of Civil Procedure unless otherwise noted.

[8] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

justice requires the Court to grant the Trustee's request to amend the Complaint.[9]

IT IS THEREFORE ORDERED that Bank's Motion to Dismiss is DENIED and the Trustee granted leave to file an amended complaint within ten (14) days hereof. Bank shall file their answer within ten (14) days of service of the amended complaint, at which time the Clerk shall commence the Fed. R. Bank. P. 7026 scheduling process.

# # #

---

[9] The Court reminds the Trustee that Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake.